

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN RE: | | |
| | § | No. 08-25-00162-CV |
| RANDALL WAYNE WEAVER, | | |
| | § | AN ORIGINAL PROCEEDING |
| Relator. | | |
| | § | IN MANDAMUS |
| | | |
| | § | |

## MEMORANDUM OPINION

Relator Randall Wayne Weaver has filed a second petition for writ of mandamus seeking to compel the Honorable John Poole, Judge of the 109th District Court of Andrews County, Texas, to ministerially grant a motion to reconsider an order dismissing Weaver's divorce proceeding. On April 24, 2025, Weaver filed a petition for divorce from his spouse, Chara Elizabeth Weaver, docketed by the trial court as cause number 23,622. Relatedly and earlier, Chara Elizabeth Weaver, had filed, on April 17, 2025, in the County Court at Law of Nacogdoches County, Texas, a suit affecting the parent child relationship of the parties and their children. In seeking mandamus relief, Weaver represents that, on May 7, 2025, the trial court "improperly dismissed" his divorce proceeding (trial cause number 23,622), after finding that neither party met the residency requirement for maintenance of the suit.

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re*

*Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). Relators bear the burden to properly request and show entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a)(1) (providing that relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

On May 20, 2025, we denied Weaver's first petition for mandamus involving the same complaint because the petition lacked a certified or sworn copy of the order of which he complained.[1] *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1). With this latest petition, Weaver includes a certified transcript from the May 7, 2025 hearing, but still, the appendix of the petition lacks a certified or sworn copy of the trial court's purported dismissal order. At the close of the hearing, the transcript reflects that the trial court remarked about its ruling on the real party in interest's "Motion to Dismiss or alternatively the Plea of Abatement." The trial court further added, "it's going to be a dismissal because I cannot abate because of the residence established in Midland."

Real party in interest's counsel then responded by asking whether the court wanted her to prepare a final order. The trial court answered, "Please." Still, counsel immediately presented a proposed "memorandum ruling" (with requests for findings included). Weaver's counsel objected and asked for an opportunity for the parties to submit a proposed order. Providing instructions, the trial court concluded the hearing stating, "You're each going to submit a proposed order."

---

[1] *See In re Weaver*, No. 08-25-00142-CV, 2025 WL 1448391, at *1 (Tex. App.—El Paso May 20, 2025, no pet. h.) (mem. op.) (original proceeding).

As relevant here, the transcript reflects the trial court's statement of intent, but it does not reflect a rendition of judgment. *Baker v. Bizzle*, 687 S.W.3d 285, 292 (Tex. 2024) ("If the judge's words only indicate an intention to render judgment in the future or to provide guidelines for drafting a judgment, the pronouncement cannot be considered a present rendition of judgment."). Thus, Weaver's mandamus petition lacks a certified or sworn copy of the order on which he complains. Because the appendix fails to include necessary content, we deny mandamus relief. *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Martinez*, No. 08-24-00023-CV, 2024 WL 1723958, at *2 (Tex. App.—El Paso Apr. 22, 2024, no pet.) (mem. op.) (denying petition for mandamus for incomplete record).

Weaver has not established his entitlement to mandamus relief.[2] Accordingly, we deny the petition for writ of mandamus.

GINA M. PALAFOX, Justice

June 26, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[2] Even if a certified copy of the dismissal order had been provided, a relator must also establish proof of no adequate remedy by appeal. *See In re M.P.*, No. 14-23-00702-CV, 2024 WL 631435, at *1 (Tex. App.—Houston [14th Dist.] Feb. 15, 2024, no pet.) (dismissing mandamus petition when dismissal of underlying proceeding was a final judgment).